QUESTION: Does s. 370.102, F.S., prohibit a municipality from enacting legislation purporting to regulate the taking or possession of saltwater fish, as defined in s. 370.01, F.S., and from enforcing existing municipal ordinances having that effect?
SUMMARY: Section 370.102, F.S., prohibits a municipality from enacting legislation purporting to regulate the taking or possession of saltwater fish, as defined in s. 370.01, F.S., and from enforcing existing municipal ordinances having that effect. Chapter 166, F.S., the Municipal Home Rule Powers Act (Ch. 73129, Laws of Florida) gives broad home rule powers to municipalities. It provides that, with specific exceptions, municipalities may enact any legislation concerning any subject upon which the state legislature may act. Attorney General Opinions 073-267, 073-276, and 074-18. One of the enumerated exceptions, in which area a municipality may not legislate, is "[a]ny subject expressly preempted to state or county government by the constitution or by general law." Section 166.021(3)(c). Against this statutory background, you inquire as to whether a municipality may properly adopt an ordinance which purports to regulate the taking or possession of saltwater fish, as defined in s. 370.01, F.S. (that is, "all classes of pisces, shell fish, sponges and crustacea indigenous to salt water"), of the Salt Water Fisheries and Conservation Act. Your inquiry must be answered in the negative on the basis of s. 370.102, id., which provides that "[t]he power to regulate the taking or possession of saltwater fish, as defined in s. 370.01, is expressly reserved to the state." This section appears to be unambiguous, at least insofar as the legislative intent to preempt is concerned. Therefore, it is unnecessary to resort to extrinsic constructive aids (including the title of Ch. 73-208, Laws of Florida, s. 1 of which added s. 370.102) in order to ascertain the section's effect. See Ervin v. Capital Weekly Post, 97 So.2d 464 (Fla. 1957); City of St. Petersburg v. Briley, Wild and Associates, Inc., 239 So.2d 817 (Fla. 1970). In sum, s. 370.102, supra, precludes any local governmental unit, including municipalities, from enacting legislation purporting to regulate the taking or possession of saltwater fish, as defined in s. 370.01, supra. (It might be noted that s. 370.102, supra, appears to be a reiteration of the law on this subject existing prior to the enactment of Ch. 73-208, supra. See AGO 071-337, in which it was stated that a municipal corporation may not enforce ordinances relating to the preservation or control of fish within its corporate limits.) In addition, I am of the further opinion that s. 370.102, supra, also serves to nullify in effect any existing municipal ordinances which purport to regulate the taking or possession of saltwater fish, as defined in s. 370.01, supra. Since "the power to regulate" such actions is expressly reserved to the state, it follows that a municipality is prohibited not only from adopting new ordinances for the purpose of regulating such actions, but from enforcing existing municipal ordinances having that effect as well.